FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N Y

★ JUL 22 2005 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

RAZ BEN ZVI,

        Plaintiff,

- against -

UNITED STATES OF AMERICA.

        Defendant.

----------------------------------X

MEMORANDUM
AND
ORDER

02-CV-6364 (TCP)

PLATT, District Judge.

        In an application dated July 18, 2003, petitioner seeks a certificate of appealability pursuant to the provisions of 28 U.S.C. § 2253(c)(2) and Rule 22(b) of the Federal Rules of Appellate Procedure, of this Court's seventeen page Memorandum and Order dated June 10, 2003 (copy attached), denying petitioner's *habeas corpus* petition challenging his amended judgment of conviction entered on December 19, 2000. This judgment was affirmed in an unpublished order of the Second Circuit Court of Appeals on December 6, 2001.

        The jury trial in this case took place ten (10) years ago between May 8 and June 15, 1995; the original judgment was reversed and remanded for re-sentencing, *United States v. Zvi*, 168 F.3d 49 (2d Cir. 1999), *cert. denied Zvi v. United States*, 528 U.S. 872, 120 Sup. Ct. 1186 (1999), and a second appeal arising from the re-sentencing was affirmed, *United States v. Ben Zvi*, 2001 WL

1586536 (2d Cir. Dec. 6, 2001).

The subject of the present challenge is discussed, and the application for the present certificate is denied, for the reasons set forth in this Court's Memorandum and Order dated June 10, 2003, in the Government's Memorandum of Law in Opposition to the application dated August 12, 2003 and in the Government's letter dated June 8, 2005. In its most recent opinion concerning the Defendant's claims, the Court of Appeals held that:

> The pre-indictment stipulation into which Ben Zvi entered with the government *may reasonably* be read as precluding his present statute-of-limitations contention. The *reasonableness of that interpretation* means that Ben Zvi has shown neither that counsel's performance was deficient nor that those counts would likely have been reversed had the contention been raised.

*Ben Zvi*, 2001 WL 1586536, *2 (emphasis added).

Moreover, as has been pointed out to Defendant's counsel, the argument that Ben Zvi's prior counsel were incompetent in failing to "clarify" the pre-indictment stipulation is predicated on the mistaken assumption that any different term with respect to the tolling would have been available in any clarification negotiations or discussion. In addition, even if counts Eighteen and Nineteen (international money laundering) had been vacated, Defendant's sentence would still be the same because of the remaining counts - Count One

(conspiracy), and Counts Two and Three (subscribing false tax returns). The consecutive terms arising from these counts amounted to eleven years, one more than the ten- year term Defendant received. In short, regardless of the meaning of the stipulation or the alleged incompetence of the various defense counsel, Defendant's sentence would remain the same.

In this Court's opinion, the present application is without merit. Accordingly the same is **DENIED**.

**SO ORDERED.**

_____<br>District Judge, United States District Court

Dated: July ⟶, 2005
       Central Islip, New York